UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TYRONE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-220-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| INOAC GROUP NORTH AMERICA, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant INOAC Group North America, LLC ("Defendant"). [R. 12]. Plaintiff Tyrone Stewart ("Plaintiff") did not file a response to the motion and the time to do so has expired. *See* L.R. 7.1. Also before the Court is Plaintiff's Motion for Entry of Default Judgment. [R. 15]. Defendant filed a combined Reply in Support of Its Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Default Judgment. [R. 16]. Plaintiff did not file a reply in support of his Motion for Entry of Default Judgment and the time to do so has expired. *See* L.R. 7.1. Accordingly, the Parties' motions are ripe for review.

**I.     BACKGROUND**

On April 20, 2022, Plaintiff filed his *pro se* Complaint in the Eastern District of Kentucky. [R. 1]. In the Complaint, Plaintiff identifies himself as resident of Mackville, Kentucky doing business as a corporation, "NANYA AKUFU EL (a 'Charity for Uplifting Fallen Humanity and Civic Lessons'), [] a 'service' in connection with the Moorish Divine National Movement." *Id.* at p. 1. Plaintiff identifies Defendant as "a corporation organized under the laws of Michigan, [that] does business in Kentucky in and through its place of business in Springfield, Kentucky." *Id.* at 2.

Plaintiff's Complaint asserts trademark, unfair competition, constitutional, and associated state law claims against defendant and seeks injunctive and monetary relief. Id. at 3–17. On April 22, 2022, the case was transferred to this Court. [R. 7]. On May 9, 2022, Defendant filed its instant Motion to Dismiss seeking dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) "because its incomprehensible allegations do not provide fair notice of Plaintiff's claims and do not state a plausible claim for relief." [R. 12, at p. 7]. Plaintiff did not timely file a response to the motion, and instead, on May 26, 2022, Plaintiff filed his instant Motion for Entry of Default Judgment. [R. 15]. On June 16, 2022, Defendant filed its combined Reply in Support of Its Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Default Judgment. [R. 16].

## II.     PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

In his Motion for Entry of Default Judgment, Plaintiff requests that the Court enter a default judgment against Defendant pursuant to Fed. R. Civ. P. 55. Under Fed. R. Civ. P. 55(a), a party against whom judgment is sought will be entered in default if the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Under Fed. R. Civ. P. 12, a responsive pleading or motion must be filed within twenty-one days of service of the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Here, Defendant was purportedly served on April 22, 2022. [R. 14]. Defendant timely filed its motion to dismiss seventeen calendar days later. [R. 15]. Therefore, Defendant has not defaulted under Fed. R. Civ. P. 55, and Plaintiff's motion for entry of default judgment will be denied.

## III.    DEFENDANT'S MOTION TO DISMISS

### A. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. (2007)). Under Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

In undertaking this inquiry, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The Court must construe a *pro se* complaint more liberally:

> [A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (citation omitted).

However, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, when a plaintiff fails to address certain arguments raised in a dispositive motion by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019); *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (reasoning that a plaintiff's failure to respond to a motion to dismiss waived his opposition to the motion and the arguments therein).

### B. Discussion

As an initial matter, the Court notes that Defendant argues that "Plaintiff's Complaint should be dismissed because Plaintiff has never filed a response in opposition to [Defendant]'s Motion to Dismiss and his deadline was June 2, 2022." [R. 16, at p. 2]. The Court agrees that under this Court's Local Rules and Sixth Circuit caselaw, Plaintiff's failure to timely respond to Defendant's Motion to Dismiss is grounds to grant the motion. *See* L.R. 7.1; *Humphrey*, 279 F. App'x at 331; *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (affirming the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"). However, given Plaintiff's *pro se* status, the Court will address the merits of the Motion to Dismiss, and, for the reasons explained below, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted.

### 1. Count I – Constitutional Violations

Count I of Plaintiff's Complaint asserts claims for violations of his rights under the Fifth Amendment of the United State Constitution, as incorporated through the Fourteenth Amendment. [R. 1, at pp. 4–6]. Under Count I, Plaintiff alleges that Defendant's misappropriation of his intellectual property constitute "a denial of plaintiff's due process rights[,] . . . unlawfully interfere with Plaintiff's contractual rights[,] . . . [and] subjected Plaintiff to suffer involuntary servitude or slavery." *Id.* at 5–6. Although Plaintiff does not expressly invoke § 1983, it provides the proper vehicle for bringing his federal constitutional claims. 42 U.S.C. § 1983 (creating a private right of action to vindicate federal constitutional and statutory violations). For a viable § 1983 claim, a plaintiff must allege a violation of a federal right by a person acting under color of state law. *West*

4

*v. Atkins*, 487 U.S. 42, 48 (1988). That is, § 1983 only addresses private conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 941 (1982) (finding that a party acted jointly with the state by utilizing state law to collect on a private debt). "'The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test.'" *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (citations omitted). Under the public function test, a plaintiff must demonstrate that the private party exercised powers traditionally reserved to the state. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The state compulsion test requires the plaintiff to show that the state exercised such coercive power over the defendant that his conduct is attributable to the state. *Id.* Finally, under the symbiotic relationship test, a plaintiff must demonstrate that the defendant and state had a sufficiently close nexus to consider the defendant's actions fairly attributable to the state. *Id.*

Here, Plaintiff's Complaint contains no plausible allegations for why Defendants' conduct could be "fairly attributable to the State." *See Lugar*, 457 U.S. at 937. Instead, the Complaint merely alleges that "defendant[] owe[s] a duty under the 5th and 14th Amendment of the United States Constitution." [R. 1, at p. 5]. Under each of the three state action tests, this allegation is insufficient to "demonstrate that the defendant deprived [him] of [his] 'rights, privileges, or immunities secured by the Constitution' under color of state law." *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (quoting § 1983). Therefore, Plaintiff fails to state a claim for constitutional violations, and the claims under Count I will be dismissed with prejudice.

### 2. Counts II, III, IV, V, and VI – Federal and State Trademark Infringement

5

Counts II, III, and IV of Plaintiff's Complaint assert various trademark infringement claims under the Lanham Act, 15 U.S.C. §§ 1051–1127 and under state law. [R. 1, at pp. 6–14]. To state this claim "under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)). "The touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Fam. Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). "The analysis for Lanham Act claims of trademark infringement and unfair competition is identical to the analysis for Kentucky common law claims of the same." *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, 295 F. Supp. 3d 756, 765 (W.D. Ky. 2018)

Here, Plaintiff's trademark claims arise from his purported ownership of the name "NANYA AKUFU EL." [R. 1, at pp. at 3–4]. Plaintiff alleges that he "has operated as NANYA AKUFU EL, the Indigenous Intellectual Property, for over 18 years which he has become the symbol of the mark used to identify Plaintiff as a Moorish-American." *Id.* at 3. The Complaint arguably asserts that trademark should be protected under the Lanham Act, even if unregistered. *Id.* However, Plaintiff failed to allege any facts that would satisfy the second and third elements of a claim under the Lanham Act. Indeed, other than conclusory assertions regarding Defendant's infringement, misappropriation, deception, etc., the Complaint contains no allegation that Defendant engaged in specific conduct that constitutes use of the NANYA AKUFU EL trademark in commerce, much less facts indicating that Defendant's use of the trademark was likely to cause consumer confusion. Therefore, Plaintiff fails to state a claim for trademark infringement under

state or federal law, and the claims under Counts II, III, IV, V, and VI will be dismissed with prejudice.

### 3. Count VII – Unfair and Deceptive Trade Practices

Count VII of Plaintiff's Complaint asserts a claim for unfair and deceptive trade practices under Kentucky law.[1] [R. 1, at pp. 14– 15]. "The Consumer Protection Act prohibits 'unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or business' and grants a right of recovery to persons who have purchased or leased goods or services for personal, family or household purposes and in conjunction therewith have been injured by a prohibited act or practice." *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 26 (Ky. 2017) (citing KRS §§ 367.170, 367.220). In order to bring an action for violation of the KCPA, Plaintiffs "must fit within the protected class of persons defined in KRS 367.220." *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W. 2d 907, 909 (Ky. Ct. App. 1992). Here, the Complaint lacks any allegations that would suggest that Plaintiff falls within the class of persons protected by the Consumer Protections Act. *See Hagyard-Davidson-Mcgee Assocs., PLLC v. Fed. Ins. Co.*, No. 5:20-cv-00171-JMH, 2021 U.S. Dist. LEXIS 171065, at *11 (E.D. Ky. Sep. 9, 2021) (finding that insured plaintiff failed to state a claim against insurer when plaintiff's complaint "failed to provide any facts showing the Policy was purchased for personal, family, or household needs, and other facts indicate to the contrary"). Therefore, Plaintiff fails to state a claim for unfair and deceptive trade practices, and Count VII will be dismissed with prejudice.

---

[1] Under Count VII, Plaintiff alleges that Defendant "engaged in deceptive trade practices within the meaning of the Kentucky Uniform Deceptive Trade Practices Act." [R. 1, at p. 14]. However, Kentucky has not adopted the Uniform Deceptive Trade Practices Act. Because the allegations under Count VII also reference provisions of the Kentucky Consumer Protection Act, KRS § 367.010, *et seq.*, the Court considers Plaintiff's claim under that statute.

### 4. Count VIII – IIED

Count VIII[2] of Plaintiff's Complaint asserts a claim for intentional infliction of emotional distress. [R. 1, at pp. 15–16]. Under Kentucky law, to make out a *prima facie* claim for IIED, a plaintiff must show: "(1) the wrongdoer's conduct was intentional or reckless, (2) the wrongdoer's conduct was outrageous and intolerable, (3) there is a causal connection between the conduct and the emotional distress, and (4) the emotional distress suffered is severe." *Benningfield v. Pettit Env't, Inc.*, 183 S.W.3d 567, 572 (Ky. Ct. App. 2005) (citing *Wilson v. Lowe's Home Center*, 75 S.W.3d 229, 238 (Ky. Ct. App. 2001). With respect to the second element, actionable conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Stringer v. Wal–Mart Stores, Inc.*, 151 S.W.3d 781, 789 (Ky. 2004), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). Here, allegations under Count VIII reference "conduct in participating in a devious and insidious plan to dilute Plaintiff's Indigenous Intellectual Property" and "unethical business practices [that] go beyond all bounds of decency," [R. 1, at pp 15–16], but the Complaint fails to identify any specific outrageous or intolerable acts committed by Defendant nor does it indicate how such conduct caused Plaintiff's alleged emotional distress. Therefore, Plaintiff fails to state a claim for IIED, and Count VIII will be dismissed with prejudice.

### C. Defendant's Request for Admonishment

In its combined Response and Reply, Defendant advises that after the instant motions were filed, on June 15, 2022, Plaintiff filed a Complaint against defense counsel and their law firm in *Nanya Akufu El v. Stoll Keenon Ogden PLLC, et al.*, No. 3:22-cv-319-CRS (W.D. Ky. filed June

---

[2] Plaintiff omitted a numerical designation from his claim for IIED. *See* [R. 1, at p. 15]. In light of its placement after the claims designated sequentially as Counts I–VII, the Court refers to this claim as Count VIII.

15, 2022). [R. 16, at p. 2]. Defendants also cite two other dismissed cases from the District of New Jersey, which Defendant asserts were filed by Plaintiff against other previous employers. *Id.* at 3 (citing cases). Defendant contends that these actions demonstrate that "Plaintiff has engaged in pattern of abusive behavior toward the court system and innocent defendants for long enough." *Id.* Accordingly, Defendant argues that "Plaintiff should be admonished for his conduct and this case as well as Plaintiff's new lawsuit should be dismissed with prejudice." *Id.* Beginning with the request for dismissal of Plaintiff's June 15, 2022 action, Defendant provides no basis for dismissing the separate action pending before United States District Judge Charles R. Simpson III as a sanction for Plaintiff's conduct in this case, and it is unclear whether Defendant would have standing to make such request. Regardless, the request is moot because on October 19, 2022, Judge Simpson dismissed the separate action with prejudice. Order of Dismissal, *Nanya Akufu El*, No. 3:22-cv-319-CRS (W.D. Ky. Oct. 19, 2022). Turning to the request for admonishment, the basis for this soft-sanction is unclear. Looking just at the fact that Plaintiff sued a former employer nearly ten years ago and another former employer over five years ago in addition to his recent suits, the conclusion that Plaintiff is engaged in a pattern of abusive litigation is not compelling. Further, Defendants have not pointed to any specific conduct by Plaintiff in this case that warrants reprimand. At worst, Plaintiff's conduct is limited to filing an unintelligible *pro se* complaint and a baseless motion for default judgment; admonishing Plaintiff on this basis alone effectively admonishes him for proceeding *pro se*. The Court is not unsympathetic toward the well-documented challenges associated with certain classes of *pro se* litigation. *See, e.g.*, Mellie Ligon, *The Sovereign Citizen Movement: A Comparative Analysis with Similar Foreign Movements and Takeaways for the United States Judicial System*, 35 EMORY INT'L L. REV. 297 (2021) (analyzing

the impact of litigation involving Moorish Sovereign Citizens on American Courts). Nonetheless, here, the Court finds that Plaintiff's conduct does not warrant admonishment.

## IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Dismiss **[R. 12]** is **GRANTED**.

2. Plaintiff's Complaint **[R. 1]** is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Entry of Default Judgment **[R. 15]** is **DENIED**.

4. A final judgement consistent with this Memorandum Opinion and Order will be entered separately.

This the 18th day November, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
    Counsel of Record